OPINION OF THE COURT
 

 Jones, J.
 

 Inasmuch as the Town of Queensbury had not prepared and filed an environmental impact statement with respect to the establishment of the proposed sewer district prior to the adoption by the town board of resolutions authorizing the establishment and financing of such district and to the submission of those resolutions to the voters of the proposed district at a special election, implementation of the objectives and enforcement of the provisions of the State Environmental Quality Review Act require that such resolutions and special election be declared null and void.
 

 This case involves consideration of the establishment of the Queensbury Sewer District No. 1 as a part of the larger Warren County sewer system. On July 24, 1979 the Town Board of the Town of Queensbury adopted three resolutions related to the establishment of the Queensbury Sewer District and the construction of related facilities. Resolution No. 228, in conformity with the requirements of section 209-e of the Town Law, determined that the required public hearing had been duly held and that the
 
 *44
 
 establishment of the proposed sewer district would be in the public interest. Resolution No. 229 approved and authorized the establishment of the district and determined the method of its financing, subject to approval of voters in the proposed district at a special election. Resolution No. 230 fixed August 17, 1979 as the date of the special election.
 

 On August 13,1979 petitioners (a not-for-profit corporation and individual property owners residing in the proposed sewer district), by order to show cause returnable August 15, instituted the first article 78 proceeding challenging the legality of the three resolutions on various grounds and seeking to enjoin the special election scheduled to be held on August 17. Supreme Court, Warren County, on August 16 declined to enjoin the special election which was held as scheduled and resulted in a vote of 856 in favor of the proposition and 842 opposed.
 

 On August 24, 1979 the town made application to the Comptroller of the State of New York, pursuant to section 209-f of the Town Law, for approval of the establishment of the sewer district. On September 29 the Comptroller issued a formal order granting permission for such establishment. The previous day, September 28, the town passed Resolution Nos. 318 and 319 finally establishing the sewer district and authorizing serial bonds in the amount of $7,370,258 and revenue anticipation notes in the amount of $15,576,072 to cover construction costs.
 
 [1]
 
 On October 2, 1979 establishment of the sewer district was completed by recordation of the necessary documents in conformity with the provision of subdivision 1 of section 209-g of the Town Law.
 

 On October 30, 1979 petitioners instituted their second article 78 proceeding seeking to have all five resolutions of the town board, as well as the special election of August 17, 1979, declared null and void as in violation of the provisions of the State Environmental Quality Review Act (Environmental Law, art 8) (SEQRA), and in particular for failure of the town to have prepared and filed an environmental impact statement.
 

 
 *45
 
 By decision dated March 17,1980 and judgment entered thereon on March 28, 1979 Supreme Court considered and rejected each of petitioner’s contentions and dismissed the two proceedings (except with respect to procedural matters not now pertinent).
 

 On appeal the Appellate Division unanimously reversed the judgment of Supreme Court, holding that the establishment of the sewer district was a project which might have an environmental impact and that the actions of the town in adopting the resolutions and holding the special election on August 17,1979 constituted “action” within the contemplation of SEQRA requiring that an environmental impact statement has been prepared and filed prior thereto. The members of the court differed, however, as to the relief which should be granted. The majority held that in the circumstances of this case petitioners were entitled to no more than a direction to the town board “to comply with ECL article 8 before taking any further steps or proceedings in connection with the construction of a sewer system in the Town of Queensbury”; the two dissenters would have declared the resolutions of the town board and the special election null and void.
 

 We agree with the unanimous determination at the Appellate Division (and for the reasons stated in the opinion of Justice T. Paul Kane) that, although the imprecision of the statutory provisions makes it difficult to identify the exact point at which an environmental impact statement must be prepared to satisfy the requirements of the statutory scheme, this point had been passed in the present case. On the appeal to our court the only question relates to the relief to be granted.
 
 [2]
 
 On this issue we agreé with the dissenters that Resolution Nos. 228, 229, 230, 318 and 319 and the special election of August 17,1979 should be declared null and void, and modify the order of the Appellate Division accordingly.
 

 The Legislature has declared that “The maintenance of a quality environment for the people of this state that at all times is healthful and pleasing to the senses and intellect of man now and in the future is a matter of statewide
 
 *46
 
 concern” (ECL 8-0103, subd 1), that “to the fullest extent possible” statutes should be administered by the State and its political subdivisions in accordance with the policies set forth in SEQRA and that environmental factors should be considered in reaching decisions on proposed projects (ECL 8-0103, subds 6, 7). In terms of the present case, the Legislature has commanded that, in the establishment of Queensbury Sewer District No. 1 pursuant to the provisions of article 12-A of the Town Law, the Town of Queens-bury comply fully with the policies set forth in SEQRA and consider environmental, as well as social and economic, factors in reaching decisions with respect thereto.
 

 Consistent with these declarations, the evident intention of the Legislature was that the environmental impact statements required to be prepared by a local agency, here the Town of Queensbury, with respect to any action which might have a significant effect on the environment should be accessible to members of the town board and the public prior to action on the proposal in question. The “detailed information about the effect which [the] proposed action is likely to have on the environment, [the listing of] ways in which any adverse effects of such an action might be minimized, and [suggested] alternatives to such an action”, to be contained in the environmental impact statement, should be available “to form the basis for a decision whether or not to undertake or approve such action” (ECL 8-0109, subd 2).
 

 To achieve this objective an environmental impact statement should have been prepared and made available to the .members of the town board and the public prior to the adoption of the resolutions of authorization in July, 1979. It is accurate to say, of course, that by actions of rescission later adopted the town board could have reversed the action authorizing the establishment of the sewer district. As a practical matter, for several reasons, however, the dynamics and freedom of decision-making with respect to a proposal to rescind a prior action are significantly more constrained than when the action is first under consideration for adoption. Thus, although not legally conclusive the initiatory action by the town board might well have been practically determinative. In effect the purpose of SEQRA
 
 *47
 
 is to assure the preparation and availability of an environmental impact statement at the time any significant authorization is granted for a specific proposal. Accordingly, such a statement should have been prepared and made available at the time of the presentation to the town board of Resolution Nos. 228, 229 and 230, and, a fortiori, of Resolution Nos. 318 and 319.
 

 Aside from the significance of the availability of an environmental impact statement to the members of the town board at the time of action by the board (as well as to members of the public who might like to make their views with respect to the proposal known to members of the board prior to its vote), there can be little doubt that SEQRA commanded the preparation and filing of an environmental impact statement for public inspection prior to the special election held on August 17, 1979. As differentiated from actions by the town board, there was but a single opportunity for the district voters to express opinions in the electoral forum. There is no way the results of that special election could be reversed, and there would be no other necessity for a popular vote. Under the decision of the majority at the Appellate Division, however, the voters of the district would have been accorded their single opportunity to cast individual votes for or against the establishment of the sewer district at a time when they did not have the benefit of an environmental impact statement. Such a consequence would clearly frustrate the objectives of SEQRA.
 
 [3]
 

 For the reasons stated, the order of the Appellate Division should be modified, with costs, to declare each of Resolution Nos. 228, 229, 230, 318 and 319 and the special election of August 17, 1979 null and void.
 

 Judges Jasen, Fuchsberg and Meyer concur with Judge Jones; Chief Judge Cooke and Judges Gabrielli and Wachtler dissent and vote to affirm for the reasons stated in the opinion by Justice T. Paul Kane at the Appellate Division (79 AD2d 337).
 

 
 *48
 
 Order modfied, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.
 

 [1]
 

 . We are informed that no serial bonds have been issued and no revenue anticipation notes have been sold.
 

 [2]
 

 . By order of this court dated July 24,1981 respondents’ cross appeal was dismissed for failure to prosecute (54 NY2d 755).
 

 [3]
 

 . Statutorily prescribed time intervals between the adoption of resolutions of authorization by a town board and the submission thereof to popular referendum would make wholly impractical any suggestion that the preparation and filing of environmental impact statements could be withheld until the town board had adopted its initial resolutions of authorization (cf. Town Law, § 209-e, subd 3; ECL art 7).