OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioners seek to enjoin the respondents from constructing a solid waste transfer facility on U. S. Route 20 in the Town of New Lebanon, and to annul and set aside a permit for the construction of the facility issued to the county by the respondent, New York State Department of Environmental Conservation (hereinafter DEC). Specifically, petitioners challenge DEC’s determination that the construction of the facility would not have an adverse environmental impact, and that therefore, preparation of an environmental impact statement (EIS) regarding the facility was not necessary prior to the issuance of a permit to the county to build same. Petitioners assert that this determination was arbitrary, *878 capricious and not supported by the facts and in violation of the State Environmental Quality Review Act (SEQRA).
Pursuant to 6 NYCRR 617.2 (aa), the proposed project is an “unlisted” action. DEC, having been designated as “lead agency”, reviewed material submitted by the county and determined on January 19, 1982 that the facility would • cause no major impacts or significant damage to the envi- ■ ronment and that therefore, preparation of an EIS was not necessary.
The law in this area has been extensively delineated. ECL 8-0101 specifically provides that the purpose of SEQRA is to “promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources” (emphasis supplied). Further, the statute makes it clear that this policy is to be provided the maximum implementation. “By enacting SEQRA, the Legislature created a procedural framework which was specifically designed to protect the environment by requiring parties to identify possible environmental changes ‘before they have reached ecological points of no return’ * * * At the core of this framework is the EIS, which acts as an environmental ‘alarm bell’ * * * [therefore] an agency must comply with both the letter and the spirit of SEQRA before it will be found to have discharged its responsibility thereunder”. (Matter of Schenectady Chems. v Flacke, 83 AD2d 460, 463.) As this court stated in Center Sq. Assn. v Corning (105 Misc 2d 6, 11), “It should be emphasized that the key word in the Environmental Conservation Law which can trigger the requirement of an environmental impact statement is the word ‘may’. At issue is not whether the [project] will have a significant effect on the environment, but only, whether, in determining that issue, an environmental impact statement should have been required”. In this regard, it has been held that “ ‘there is a relatively low threshold for impact statements * * * such a statement should be required where the action may fairly be said to have a potentially significant adverse effect’ ”. (H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 232.)
In the case at bar, the issue is not whether a transfer station should be constructed, but rather where it is to be *879 located. Thus, the issue is whether the location of the proposed transfer station “may have a significant effect on the environment.” (ECL 8-0109, subd 2.) In this regard, DEC’s environmental assessment form (EAF) improperly identifies the present land use as agricultural. Part II of the EAF purports to find that the project will have no effect on the visual character of the neighborhood or community, that there will be no impact on growth and character of the community or neighborhood, and most significantly, that there is no public controversy concerning the project. Based upon these and other findings, DEC issued the negative declaration which is challenged hereby.
The exhibits and affidavits attached to the petition are in direct conflict with the above findings. The affidavits of members of the Town Board of the Town of Lebanon establish that the board and the public did not become aware of the location for the proposed facility until after its acquisition, and the issuance of the negative declaration and the construction permit. They further establish that the board has passed a resolution requesting deferral of construction pending a public hearing on the impact of the location, which request has been unilaterally denied by the county. Further, the purported findings of DEC are in direct conflict with the affidavit of George Byrns, a town assessor for the Town of New Lebanon. Said affidavit asserts that the proposed location of the transfer site will have immediate and significant adverse impacts upon the town’s development. He asserts that the location will significantly reduce the economic value of at least 15 parcels within close proximity to the proposed location, most of which are largely used as single-family residences. He further asserts long-term adverse consequences by the prevention of future commercial development in this area of the town. Thus, petitioners have presented significant allegations of fact which establish that DEC’s action was without a rational basis in that these factors were not considered prior to the issuance of the negative declaration. The statement of EAF that there is no community opposition underscores this lack of rationality.
Finally, the fact that Irving Bonsel “cannot recall ever having issued a declaration under SEQRA that such a *880 facility would have a major adverse impact on the environment” is not dispositive of this application. This court must reject the theory that “all solid waste transfer stations are alike” (correspondence of Michael J. Moore, Esq., dated June 23, 1982).
For the reasons hereinabove set forth, the petitioners shall have judgment annulling the determination of DEC that construction and operation of the proposed solid waste transfer facility by Columbia County, at the proposed site in the Town of New Lebanon will not have a significant effect on the environment, annulling the issuance of the permit by DEC to Columbia County authorizing construction of said solid waste transfer facility at the presently proposed location, until an environmental impact statement has been prepared pursuant to the provisions of SEQRA.