In the Matter of the CITY OF GLENS FALLS, Respondent, v BOARD OF EDUCATION OF THE GLENS FALLS CITY SCHOOL DISTRICT, Appellant. (Proceeding No. 1.)

In the Matter of JOAN VISCHER et al., Respondents, v ROBERT J. HOMKEY et al., Constituting the Board of Education of the Glens Falls City School District, Appellants. (Proceeding No. 2.)

Third Department, July 29, 1982

234

APPEARANCES OF COUNSEL

*Simeo J. Gallo* for appellants.

*McGinley, Morris, Eisenstaedt & Tharp (Richard M. Eisenstaedt* of counsel), for the City of Glens Falls, respondent.

*Miller, Mannix, Lemery & Kafin, P. C. (Robert J. Kafin* of counsel), for Joan Vischer and others, respondents.

OPINION OF THE COURT

WEISS, J.

On February 8, 1982, the Board of Education of the City of Glens Falls passed two separate resolutions, each pertaining to the conversion of an existing elementary school to a middle school and providing for construction of a new addition to the present building. The first resolution included comprehensive reports on student enrollment trends, proposed economies through conversion of the existing elementary school into a middle school, and costs of conversion including the method of financing. The enabling provisions of this resolution indicate that the board determined that there was a need to reconstruct one building and to construct an addition to the Kensington Elementary School to convert it to a middle school and that the approval of the Commissioner of Education for the proposed construction was required. The second resolution authorized engagement of a named architect for the project and authorized the architect to proceed with preparation of necessary plans, drawings and specifications to obtain approval of the Commissioner of Education and to comply with the Environmental Conservation Law.

Petitioner in Proceeding No. 1 was granted a judgment at Special Term pursuant to CPLR article 78 annulling the

resolutions on the ground that respondent's action constituted a designation of a site within the meaning of subdivision 6 of section 2512 of the Education Law which required approval of the Glens Falls Planning Board. In Proceeding No. 2, petitioners also obtained a judgment annulling respondent's resolutions, first on the above ground and on the further ground that respondents failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereafter SEQRA). This judgment also enjoined respondent from any further action on the project until it complies with both section 2512 of the Education Law and ECL article 8. Respondent has appealed from both judgments.

█ The judgment in Proceeding No. 1 should be reversed. The project does not involve the designation of a site within the scope of either section 2512 or section 401 of the Education Law. In 1956, the subject premises were properly designated as a site for an elementary school pursuant to law. While the proposed project contemplates using the site for a middle school, we find that neither section of the Education Law requires submissions of such change in use to the Glens Falls Planning Board for approval. Section 401 clearly encompasses the acquisition of land by requiring a resolution of a school district to include the metes and bounds description of the site to be designated. Subdivision 1 of section 2512 must be given its clear meaning, i.e., that each of the itemized actions are to be considered separately. Accordingly, the requirement for submission of a new site to a city planning commission required by subdivision 6 of section 2512 must be limited exclusively to the initial designation of a new location for any school building. Although petitioners argue that the uses of a site for an elementary school may be different from those of a site for a middle school, we find that such a distinction would exalt form over substance. The initial compliance with the statutory requirements for designation of the Kensington Road site for an elementary school in 1956 was sufficient. In a formal opinion, counsel to the State Education Department has held that the term "designation of a site" is a technical term referring to the acquisition of real property and does not encompass subsequent determinations by a

school board regarding the specific use of a site (Opn of Counsel of State Ed Dept, 3 Ed Dept Rep 262, 263). The judgment in Proceeding No. 1 should be reversed and the petition dismissed.

■ Proceeding No. 2 presents an entirely different question. Special Term held that the resolutions were null and void and enjoined any actions in furtherance of the project until the board complied with subdivision 6 of section 2512 of the Education Law and SEQRA. It is now established beyond cavil that ECL 8-0109 (subd 2) requires the preparation of an environmental impact statement (EIS) by an agency on any action it *proposes or approves* which may have a significant impact upon the environment. The regulations promulgated by the Commissioner of Education under SEQRA describe procedures to be followed by a school district in connection with any action proposed which may have a significant effect upon the environment (8 NYCRR 155.5 [a]). The definitions of actions which may have a significant effect include "planning and/or funding and/or construction of new facilities or expansion of existing structures by more than 50 percent increase in square footage or usage where construction costs exceed $10,000" (8 NYCRR 155.5 [b] [i]; see 6 NYCRR 617.12 [b] [10]). The project undertaken by the board in the subject resolutions is clearly within these definitions.* A school district is required to submit information regarding such a proposed action to the Commissioner of Education for determination of environmental impact (8 NYCRR 155.5 [c] [1]). If the commissioner determines that the proposed action may have a significant environmental impact, the school district must prepare a draft EIS for submission to the commissioner (8 NYCRR 155.5 [c] [3]). The only question before us is whether the passage of the subject resolutions was an "action" triggering the need for an EIS. In *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury* (79 AD2d 337, 340 [concurring opn], mod on other grounds 55 NY2d 41), it was stated that it is "abundantly clear that the spirit and intent of SEQRA demand

---

* The resolutions approve construction of 44,603 square feet as an addition to a 34,848-square foot existing school building at a cost of over $4 million on a site adjacent to a public park.

that an EIS, or at least a draft environmental statement, was required to be prepared before the board passed the resolutions herein challenged by petitioners". It was further therein stated (p 340) that "[t]he purpose of the draft statement is to relate environmental considerations to the *inception of the planning process* and to inform the public and other agencies *as early as possible* about proposed actions" (emphasis added; see, also, *Matter of Schenectady Chems. v Flacke,* 83 AD2d 460). The subject resolutions recite that the board both approved and committed itself to the project. Procedures to comply with SEQRA (8 NYCRR 155.5) should have been initiated prior to the passage of the resolutions to assure that information concerning the environmental impact of the project was available for consideration at the time a decision was made on the project (see *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41, *supra;* see, also, *Matter of Town of Henrietta v Department of Environmental Conservation of State of N.Y.,* 76 AD2d 215).

Finally, because the Court of Appeals has held that after the fact compliance with the requirements of SEQRA will not cure a failure to comply initially, that portion of Special Term's order enjoining any actions by the board in furtherance or support of the relocation and construction of a middle school in the City of Glens Falls until it complies with SEQRA, is in error (*Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41, *supra*).

The judgment, in Proceeding No. 1, should be reversed, on the law, without costs, and the petition dismissed.

The judgment, in Proceeding No. 2, should be modified, on the law, by reversing that part of the judgment which enjoins any actions by the board in furtherance or support of the relocation and construction of a middle school in the City of Glens Falls until it complies with subdivision 6 of section 2512 of the Education Law and SEQRA, and, as so modified, affirmed, without costs.

، MAHONEY, P. J., SWEENEY, MAIN and MIKOLL, JJ., concur.

Judgment, in Proceeding No. 1, reversed, on the law, without costs, and petition dismissed.

Judgment, in Proceeding No. 2, modified, on the law, by reversing that part of the judgment which enjoins any actions by the board in furtherance or support of the relocation and construction of a middle school in the City of Glens Falls until it complies with subdivision 6 of section 2512 of the Education Law and the State Environmental Quality Review Act, and, as so modified, affirmed, without costs.