■ MALCOLM P. BENDER, as Treasurer of Fayetteville Village Residents Association, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF FAYETTEVILLE et al., Respondents. (Appeal No. 1.) — Order modified and, as modified, affirmed, without costs, in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: Petitioners appeal from two orders in this zoning case. The first order, dated May 27, 1981, held that (a) Village of Fayetteville Local Law No. 6 of 1973 is valid, (b) that the action, converted by the court to a CPLR article 78 proceeding, was timely commenced, (c) dismissed Frank and John Muraco as parties respondent, (d) declared that the building permit issued to them was void and stayed entry of the court's judgment for 60 days to permit respondents to comply with the provisions of State Environmental Quality Review Act (SEQRA; ECL, art 8). The second order appealed, dated July 9, 1981, modified the first order on motion of respondents by vacating the stay. Respondents alleged in their moving papers that during the weeks between the two orders they had complied with the requirements of SEQRA. Thus, as we perceive the proceeding, it rests in this posture: the landowners-developers, John and Frank Muraco have filed for a building permit to construct a minimall shopping center; the respondent village board has exercised the discretion granted it by the zoning ordinance to determine that the proposed use is not prohibited in a B-1 controlled business district and that it is "of the same general character" of the permitted uses listed; the village officials have determined that the application meets the requirements of the building codes, and now, the necessary steps for SEQRA compliance have been completed. In other words, Special Term's orders may be interpreted as permitting the Muracos to continue development, although the order of May 27 previously declared the building permit void. Such after-the-fact SEQRA review is not appropriate to accomplish the purposes of the statute (see *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41; *Matter of City of Glens Falls v Board of Educ.,* 88 AD2d 233, 237) and it should not be permitted. We hold the building permit is void for all purposes and the Muracos must file a new application. Moreover, insofar as Special Term's decision may be interpreted as holding that preliminary approval of building plans to insure compliance with the building codes is not necessary before issuance of a permit, we disagree with it. The order of May 27, 1981 is modified by striking the last ordering paragraph. The order of July 9, 1981 is vacated. (Appeal from order of Supreme Court, Onondaga County, Roy, J. — art 78.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ MALCOLM P. BENDER, as Treasurer of Fayetteville Village Residents Association, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF FAYETTEVILLE et al., Respondents. (Appeal No. 2.) — Order vacated. All concur, Simons, J. P., not participating. Same memorandum as in *Bender v Board of Trustees of Vil. of Fayetteville* (Appeal No. 1.) (91 AD2d 1171). (Appeal from order of Supreme Court, Onondaga County, Roy, J. — building permit.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ DAVID J. MORRISON et al., as Administrators of the Estate of MICHAELINE M. MORRISON, Deceased, Appellants, v JAMES R. ELLIS, Defendant, and WARREN K. KUMM et al., Respondents. (Appeal No. 1.) — Appeal dismissed as academic. All concur, Simons, J. P., not participating. (Appeal from order of Supreme Court, Erie County, Wolf, J. — discovery.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.