OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury (55 NY2d 41), we held that the intent of the Legislature in adopting the State Environmental Quality Review Act (SEQRA) “was that the environmental impact statements required to be prepared by the local agency * * * with respect to any action which might have a significant effect on the environment should be accessible to members of the town board and public prior to action on the proposal in question.” (Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury, supra, at p 46.) This is as mandated by ECL 8-0109 (subd 2).
The statute also provides that: “As early as possible in the formulation of a proposal for an action, the responsible agency shall make an initial determination whether an environmental impact statement need be prepared for the action.” (ECL 8-0109, subd 4.) The regulations promulgated by the Commissioner of Environmental Conservation pursuant to ECL 8-0113 require in Type I actions, such as in this case, that either a determination of nonsignificance (6 NYCRR 617.10 [b]) or a determination of *928 significance (6 NYCRR 617.10 [c]), the latter indicating that an environmental impact statement (EIS) will be prepared, be filed by the responsible local agency. If the agency determines that no significant effect on the environment will result from the proposed action, no EIS is required. This statutory and regulatory scheme contemplates as a first step, a review by the local agency to determine the effect the proposed action will have on the environment. Thus, only in those cases where the preliminary determination has been made that an action will have a significant effect will the legislative panel considering the action have before it an EIS. In all other cases, however, it should have before it the determination of nonsignificance prepared by the agency.
Our holding in Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury (supra) accordingly required that the town board have before it an EIS prior to passing resolutions concerning the creation and funding of the sewer district because, on the facts of that case, it was clear that the sewer district would have a significant impact on the environment.
In the present case, whether or not the sale of this county-owned property will have a significant impact on the environment is not clear. Regardless of its impact, however, Resolution No. 83 was not properly passed because the county legislature did not have prior to passing that resolution either an EIS or a determination of nonsignificance. As we noted in Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury (supra), such statements should be before the body considering the proposal prior to its consideration of and decision on that proposal.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.