■ In the Matter of BOARD OF VISITORS - MARCY PSYCHIATRIC CENTER et al., Respondents-Appellants, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants-Respondents. — Judgment unanimously modified, on the law, in accordance with memorandum and, as modified, affirmed, with costs to respondents. Memorandum: Respondents, the Commissioner of the Department of Correction, the Acting Commissioner of the Office of Mental Health and other State officials appeal from a judgment restraining and prohibiting them from taking any and all actions to locate a medium security correctional facility at the Marcy Psychiatric Center, Marcy, New York, without having first obtained legislative approval by amendment of section 7.17 of the Mental Hygiene Law and without first having complied with the requirements of ECL article 8 and the regulations of the Commissioner of the Department of Environmental Conservation. The instant proceeding was commenced as an action for injunctive relief, and was properly converted to a CPLR article 78 proceeding by Special Term pursuant to CPLR 103 (subd [c]). The planned conversion of a part of the Marcy Psychiatric Center to a medium security prison is scheduled to be completed in two phases. Phase one, already commenced, requires conversion of five buildings, two of which are now utilized for patient care, and is scheduled for completion by March 31, 1984. Phase two will entail conversion of most of the remaining 30 buildings and is scheduled for completion during fiscal year 1985-1986. We agree with respondents that Special Term erred in holding that the Acting Commissioner of Mental Health is prohibited by subdivision (b) of section 7.11 of the Mental Hygiene Law from implementing the first phase of the planned conversion of Marcy Psychiatric Center without obtaining further legislative approval. Subdivision (b) of section 7.11 reads as follows: "(b) The

commissioner shall control the organization of the office and may continue, establish, discontinue, expand, and contract facilities under his jurisdiction. The facilities set forth in section 7.17 may not be discontinued by the commissioner. Units and facilities shall have such functions, duties and responsibilities as may be assigned to them by the commissioner." Among the numerous facilities listed in subdivision (b) of section 7.17 which, by the terms of subdivision (b) of section 7.11, may not be discontinued is Marcy Psychiatric Center. Inasmuch as the implementation of phase one of the conversion will not constitute a discontinuance of the Marcy Psychiatric Center, we hold that it does not violate subdivision (b) of section 7.11. We find no merit in respondent's contention (based upon section 1.03 of the Mental Hygiene Law), that the conversion of five of the buildings of the psychiatric center violates section 7.17. The remaining 30 buildings will continue in use as a psychiatric facility. Therefore, there will be no discontinuance of a "facility" as that term is defined in subdivision 6 of section 1.03. We concur with Special Term, however, that respondents have acted in violation of the State Environmental Quality Review Act (SEQRA; ECL art 8) in proceeding with phase one without completing an environmental impact statement (EIS) in compliance with SEQRA (ECL 8-0109). Respondent, Commissioner of the Department of Correction, by filing a "positive declaration," has conceded that the proposed action may have a significant effect upon the environment. He is also in the process of completing a draft environmental impact statement (DEIS). Respondents conceded at oral argument that the completion of a final EIS would delay commencement of the planned conversion by approximately two months. It is undisputed that the proposed conversion qualifies as a Type I action under 6 NYCRR 617.2 (z). We reject respondents' contention that the implementation of phase one of the proposed conversion of Marcy Psychiatric Center is an "exempt action" under 6 NYCRR 617.2 (o) (6), as an action which is "immediately necessary on a limited emergency basis for the protection or preservation of life, health, property or natural resources". Under phase one of the plan, the subject of appellants' positive declaration, the Department of Correctional Services is to acquire and use five buildings for the housing of 300 inmates by the end of 1983. Phase one is the first step of an over-all plan which, during fiscal year 1985-1986, includes the acquisition of additional buildings at Marcy for the housing of another 900 medium security inmates. It appears clearly that phase one either standing alone or as the first step in a two-step program is being undertaken not as an action "immediately necessary on a limited emergency basis" but as a permanent conversion of all or part of the Marcy Psychiatric Center to a medium security prison. For such an action which concededly may have a significant effect upon the environment, the requirements of SEQRA must be met (see *Devitt v Heimbach,* 58 NY2d 925; *Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41). (Appeal from judgment of Oneida Supreme Court, Tenney, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Denman, JJ. (Order entered June 24, 1983.) [119 Misc 2d 279.]