OPINION OF THE COURT
John F. Lawton, J.
Prior to October 1985 trash collected or generated in the Village of Boonville was entitled to be disposed of at a dump operated by the village. Under local ordinance a modest licensing fee was charged to local collectors and haulers. The State Department of Environmental Conservation cited the village for violations of State law involving said landfill. This in turn led to the village entering into a consent order whereby the village agreed to close the dump or bring it into compliance. After researching the question, the village ultimately chose to close the dump. As an alternative the village entered into an agreement with the County of Oneida to permit dumping of the village’s trash at the County Resource Recovery Center in the Town of Floyd. This necessitated the village to arrange for transportation of village trash to the county site. The most economical method was to purchase a compacter and containers. The annual cost of operating the town dump was approximately $23,000, paid for through the general tax levy. The estimated cost of the operation of the transfer station was estimated at a minimum of $50,000 per annum.
Deciding that it was unfair to spread the cost of operation of *265 the transfer station among all residents through the general tax levy, the village enacted a local law which is described by the Mayor as being "a user cost policy,” whereby the cost of operation of the transfer facility would be spread amongst the users. To do this the village adopted the ordinance, which is the subject of this action. Under the ordinance any collector of waste operating in the village was required to be licensed and as a license fee would be charged the sum of $45.10 per ton for trash collected within the village. The sum of 50 cents per bag was charged to any individual using the transfer site.
Plaintiffs are one of two private collectors and haulers operating within the village. Following the closing of the village’s dump, plaintiffs entered into a contract with the County of Oneida to use the county’s facility in the Town of Floyd for a price of $11.45 per ton. Plaintiff’s claim that they have entered into contracts with the residents of the village to pick up their trash, and that the effect of the charges imposed upon them by the local law would boost the costs to its customers some 300 to 400%. It is contended by plaintiffs that the increase in licensing fees under the new local law will amount to between $11,726 and $16,416.40, whereas under the old law, plaintiffs were paying $600 per year to use the town’s dump. Plaintiffs refused to pay the licensing fee and were subsequently charged for violations of the local law and are now subject to a $500 fine for each such violation.
Plaintiffs thereafter brought this motion to strike down the local law and ask for an injunction pendente lite. A temporary injunction has been granted conditioned upon plaintiffs’ paying an amount equal to the licensing fee into escrow pending a final determination of this action. Plaintiffs charge that said local law is unconstitutional under both Federal and State Constitutions for the following reasons:
1. No environmental impact statement filed.
2. That said local law is an impermissible exercise of the village’s police powers.
Addressing the latter argument first as being the one most serious and the one that is not of a temporary nature, it is the finding of this court that the local law is invalid and uneforceable for the following reasons. The stated purpose of this local law is to promote the public health and safety, and to spread the cost of garbage and refuse disposal to fund the village transfer site. This law further requires garbage and trash haulers to obtain a permit and to pay a fee for this permit *266 based on tonnage of garbage collected in the village (see, Local Laws, 1985, No. 1 of Village of Boonville §§ 4.0-4.5).
It is unquestioned that the Village of Boonville may regulate and license businesses within its boundaries (Municipal Home Rule Law § 10 [1] [ii] [a] [12]) and that such a law carries a strong presumption of constitutionality (Matter of Spielvogel v Ford, 1 NY2d 558 [1956]). Yet as a licensing measure, certain constitutional limitations are placed on such laws. "Therefore, treating the problem as a licensing matter, which by its own terms it purports to be, the question arises is the license fee of $50 for the sale of this single product unreasonable and arbitrary? I think that it is. The test for determining this question is well stated in Smart v. City of Albany (146 Misc. 60, 63): 'On the other hand, where the license fee is imposed in the exercise of the police power, it must be such a fee only as will legitimately assist in regulation of the business or occupation, and it should not exceed necessary or probable expense of issuing the license and of inspecting and regulating the business which it covers. (Ward v. Maryland, 12 Wall. 418; 20 L. Ed. 449; City of Jacksonville v. Ledwith, 26 Fla. 163; 7 So. 885; City of Ottumwa v. Zekind, 95 Iowa 622; 64 N. W. 646; State v. Angelo, 71 N. H. 224; 51 A. 905; Woodruff v. McGrath, 32 N. Y. 255; People v. Jarvis, 19 App. Div. 466.)’ ” (Miller v City of Long Beach, 206 Misc 104, 107 [1954].) Herein, the permit hauler fee of approximately $11,000 to $16,000 a year is unrelated to the costs of licensing, inspecting or regulating the pickup and hauling of garbage and refuse. Indeed, it has been admitted in this court by defendant that the fees are not related to the cost associated with licensing, inspecting or regulating the haulers, but rather is to pay for the village transfer station costs. Thus, as this fee is unrelated to the cost of licensing, it is constitutionally defective. Additionally, to be sustained, police power legislation must not be unreasonable or arbitrary. "The fixed rule and basic standard by which the validity of all exercise of the police power is tested is that the police power of the State extends only to such measures as are reasonable. All police regulations must be reasonable under all circumstances. The principle is, of course, fully applicable to legislation on the municipal level. (Good Humor Corp. v City of New York, 290 NY 312, supra; Adamec v Post, 273 NY 250; People v Schneider, 132 Misc 349; 9 NY Jur, Constitutional Law, § 176, pp 85-86.) The requirement of reasonableness bars oppressive, capricious or arbitrary exercise of the power (see 9 NY Jur, *267 Constitutional Law, § 179, p 89).” (People v A & C Trucking Co., 88 Misc 2d 988, 997 [1977].) Further, as stated in Defiance Milk Prods. Co. v Du Mond (309 NY 537, 541 [1956]): "due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Jacobs, 98 N. Y. 98, 110; Fisher Co. v. Woods, 187 N. Y. 90; Nebbia v. New York, 291 U. S. 502).”
A fee by this law is imposed on trash haulers within the village, while the purpose is to pay for the village trash transfer station. This law does not require the haulers to use this transfer station and is imposed even if the station is not used. Thus, this law is simply a revenue measure, imposed without any relationship to controlling solid waste disposal. The uncontested facts presented show the arbitrary nature of this measure, in that plaintiff has a significantly less expensive legal method of trash disposal and yet must still pay a fee without using the facility funded. Further, this local law arbitrarily distinguishes between a hauler who has to pay even if they do not use the trash facility, and an individual who pays a fee only if he disposes of his trash at the transfer facility. The manifest evil is controlling trash disposal to protect the public health and safety. No mechanisms are provided by this law as to trash disposal, only arbitrary fees unrelated to where or how haulers dispose of trash and, therefore, this law is not reasonably related to the purpose intended. It is the opinion of this court that this local law is unreasonable and arbitrary and, thus, an unconstitutional use of the village police power. Therefore, for the aforestated reasons, the trash haulers permit and fee provisions of Local Laws, 1985, No. 1 of the Village of Boonville are stricken as unconstitutional.
By reason of the foregoing, it is not necessary to decide whether it was required for defendant to have first obtained an environmental impact statement. In passing, however, it is only mentioned that as the development of a municipal trash disposal system is an "action” as defined by ECL 8-0105 (4), the State Environmental Quality Review Act must be procedurally complied with before undertaking the activity (Matter of Tri-County Taxpayers Assn. v Town Bd., 55 NY2d 41 [1982]; Matter of City of Glens Falls v Board of Educ., 88 AD2d 233 [3d Dept 1982]; Matter of Meschi v New York State Dept. of Envtl. Conservation, 114 Misc 2d 877 [1982]).