■ In the Matter of GOLDEN TRIANGLE ASSOCIATES et al., Appellants, v TOWN BOARD OF THE TOWN OF AMHERST et al., Respondents.—Judgment affirmed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding to annul respondent's determination to rezone a parcel adjacent to petitioners' property. Respondent Town was the "lead agency" for the rezoning under the State Environmental Quality Review Act (SEQRA; ECL 8-0101 et seq.) and issued a "negative declaration" (see, ECL 8-0109 [4]; 6 NYCRR 617.6 [g]) finding that the rezoning action would have no significant environmental effects.

Initially, we find that petitioners had standing to bring this proceeding, having shown that the rezoning could have a harmful effect on them and that the interest they asserted arguably is within the zone of interest to be protected by the statute (see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428; Matter of Dairylea Coop. v Walkley, 38 NY2d 6). Nevertheless, petitioners' argument that the Town Board violated the procedural and substantive requirements of SEQRA is without merit.

The record establishes that the Town Board took the requisite "hard look" at the relevant environmental concerns and made a reasoned elaboration of the reasons for the negative declaration (see, Akpan v Koch, 75 NY2d 561, mot to amend remittitur denied 76 NY2d 846; Matter of Ecumenical Task Force v Love Canal Area Revitalization Agency, 179 AD2d 261; 6 NYCRR 617.6 [g] [2]). All of the potential environmental impacts of the rezoning, including those raised by petitioners, were considered by the Town Board prior to issuance of the negative declaration.

Although the Town Board's approval of the rezoning should have been made after the negative declaration was filed, the Board's adoption of a superseding resolution approving the

rezoning cured the procedural error. The cases relied on by petitioners and by the dissent are inapposite. In *Matter of Tri-County Taxpayers Assn. v Town Bd.* (55 NY2d 41), the Town authorized the establishment and financing of a sewer district without having filed an environmental impact statement. Similarly, in *Chinese Staff & Workers Assn. v City of New York* (68 NY2d 359), the City authorized construction of a high-rise condominium without having considered the effect on the residents and businesses in the area.

In the instant case, the Town Board performed a thorough and meaningful review and analysis of potential environmental impacts prior to making its determination of non-significance *(see,* ECL 8-0109 [2]). The potential environmental impacts of the rezoning were addressed by the Town Board, and the site specific impacts of the proposed project will be addressed when an application for site plan review is submitted.

All concur, except Balio, J., who dissents and votes to reverse in the following Memorandum.

Balio, J. (dissenting). I agree with the majority that petitioners have standing to challenge the Town Board's decision to rezone the subject property and that the Town took the requisite " 'hard look' " at relevant environmental concerns presented by the concept of the proposed hotel complex *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868, *appeal dismissed* 66 NY2d 896; *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232). I cannot agree, however, with the majority's conclusion that the Town Board's belated filings of a negative declaration complied with the State Environmental Quality Review Act (SEQRA; ECL 8-0101 *et seq.).* Thus, I respectfully dissent.

The Town Planning Board determined that the application to rezone the subject property constituted an application for Type I action under SEQRA, and that finding is not disputed. The SEQRA regulations expressly provide that an application for approval of a Type I or unlisted action shall not be complete until a negative declaration of no environmental significance is filed or until a draft environmental impact statement is accepted by the lead agency (6 NYCRR 617.3 [f]). The purpose of this filing requirement is to provide members of the public and other involved and interested agencies the opportunity to comment upon the agency's reasons for deciding that the proposed action will not have a significant effect upon the environment *(see,* 6 NYCRR 617.3 [i]; *Matter of Tri-*

*County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 47). The obvious import of the regulation is that the approving agency, here the Town, must file a negative declaration or accept a draft EIS before it meets to take final action on an application. Compliance with SEQRA and related regulations must be accomplished before action is taken, not as an afterthought.

The Town concedes that its initial August 1990 negative declaration was deficient in that it did not set forth a "reasoned elaboration" of its determination of no environmental significance. Because that admittedly deficient declaration was filed after the initial resolution approving the zone change, the purposes and objectives of the SEQRA regulations were frustrated completely. The Town Board candidly acknowledges that it attempted to cure the deficiency by approving a "superseding" resolution and by filing a "superseding" negative declaration. That attempt to cure is likewise unavailing because the "superseding" negative declaration, though it contained a "reasoned elaboration", was filed after the Town Board's "superseding" action approving the rezoning request. Although the Town, as lead agency, took a "hard look" at environmental concerns, neither the public nor the interested and involved agencies had the opportunity to comment upon the Town Board's "reasoned elaboration" of its findings. The purposes and mandate of the SEQRA regulations were not satisfied, and the determination to rezone the subject property should be annulled *(see, Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 47, *supra; see also, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 368-369). (Appeal from Judgment of Supreme Court, Erie County, Wolf, Jr., J.—Article 78.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.