■ FLORENCE VITIELLO et al., Appellants, v CITY OF YONKERS et al., Respondents. [680 NYS2d 607] —In an action, *inter alia,* to declare that City of Yonkers General Ordinance No. 10-1997, which changed the zoning classification of a certain parcel of land, was illegally enacted, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated February 18, 1998, which denied their motion for summary judgment, granted the cross motion of the defendant Action Redi-Mix Corp., in effect, for summary judgment dismissing the complaint insofar as asserted against it, dismissed the complaint against all of the defendants, and declared, in effect, that City of Yonkers General Ordinance No. 10-1997 was legally enacted. The plaintiffs' notice of appeal from a decision dated February 3, 1998, is deemed a premature notice of appeal from the order and judgment.

Ordered that the order and judgment is reversed, on the law, with one bill of costs payable by the respondent Action Redi-Mix Corp., the cross motion is denied, the plaintiffs' motion for

summary judgment is granted to the extent of declaring that City of Yonkers General Ordinance No. 10-1997 was not legally enacted and that any building permit issued thereunder is invalid, and the matter is remitted to the Supreme Court, Westchester County, for determination of that branch of the plaintiffs' motion which was for summary judgment on their demand for permanent injunctive relief.

Contrary to the contention of the defendant Action Redi-Mix Corp. (hereinafter Redi-Mix), the appeal is not academic because its concrete plant is fully constructed and operational. The plaintiffs promptly moved for a preliminary injunction and temporary restraining order at the commencement of this lawsuit before any construction had begun. The temporary restraining order was denied, and the court never ruled on the preliminary injunction. When Redi-Mix subsequently obtained permission from the Department of Health to begin construction, the plaintiffs immediately moved in this Court for a preliminary injunction. Under the circumstances, the plaintiffs did all they could do to timely safeguard their interests, and Redi-Mix was put on notice that if it proceeded with construction, it would be at its own risk (*see, Matter of Watch Hill Homeowners Assn. v Town Bd.,* 226 AD2d 1031).

Furthermore, the plaintiffs correctly contend that City of Yonkers General Ordinance No. 10-1997, which approved a change in zone for certain property leased to Redi-Mix, was enacted in contravention of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). The purpose of SEQRA is to ensure that either an Environmental Impact Statement or a determination of environmental nonsignificance is prepared and available at the time a proposed action is approved (*see, King v Saratoga County Bd. of Supervisors,* 89 NY2d 341; *Devitt v Heimbach,* 89 AD2d 920, *affd* 58 NY2d 925; *Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41). Here, the resolution which authorized the City Council of Yonkers (hereinafter City Council) to issue a negative declaration pursuant to SEQRA was passed two months after the City Council adopted the rezoning ordinance. As the plaintiffs contend, the City Council's review of any environmental concerns relating to Redi-Mix's proposed construction of a concrete plant should have preceded any action by the Council to change the zoning (*see, Devitt v Heimbach, supra*). The City Council's attempted after-the-fact compliance was thus an empty exercise, which in effect rubber-stamped a decision that had already been made (*see, Matter of Tri-County Taxpayers Assn. v Town Bd., supra; cf., King v Saratoga County Bd. of*

*Supervisors, supra*). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.