■ In the Matter of VILLAGE OF PELHAM et al., Appellants, v CITY OF MOUNT VERNON INDUSTRIAL DEVELOPMENT AGENCY et

al., Respondents. [755 NYS2d 91] —In a proceeding pursuant to CPLR article 78 to review a zoning resolution of the respondent City Council of the City of Mount Vernon, dated January 26, 2000, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated October 9, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This proceeding is one of several before this Court challenging the rezoning a 14.55-acre site in the City of Mount Vernon that is to be developed into a large, multi-tenant retail shopping center, commonly referred to as the Sandford Boulevard Redevelopment Project. In the judgment appealed from, all viable challenges raised to the rezoning were denied on the merits. We affirm.

Contrary to the petitioners' contention, the respondent City of Mount Vernon Industrial Development Agency (hereinafter the IDA) was a proper lead agency for purposes of SEQRA review (*see* 6 NYCRR 617.2 [u]). Further, the record reveals that the IDA identified "the relevant areas of environmental concern," took a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 387), and made a "reasoned elaboration" of the basis for its determination (*Matter of Merson v McNally,* 90 NY2d 742, 751). Thus, the determination of the IDA is supported by the record and should not be disturbed (*see Matter of Merson v McNally, supra; Matter of Harwood v Board of Trustees of Inc. Vil. of Southampton,* 176 AD2d 291). Further, we reject the petitioners' contention that SEQRA review was improperly segmented (*see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow,* 292 AD2d 617, *lv denied* 98 NY2d 609; *Matter of Buerger v Town of Grafton,* 235 AD2d 984). The petitioners' contention that a Supplemental Environmental Impact Statement (hereinafter SEIS) was required is time-barred, as the petitioners failed to request an SEIS within four months of the adoption by the IDA of its Findings Statement (*see Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193). In any event, an SEIS is only required if "environmentally significant modifications" are made after the issuance of the Final Environmental Impact Statement (hereinafter FEIS) (*see Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400). Here, there is no evidence of changes in the proposed project, newly-discovered information, or adverse environmental impacts which were

inadequately addressed in the FEIS that would require supplementation.

The Supreme Court also properly determined that the City Council of the City of Mount Vernon, as an involved agency, conducted an adequate and appropriate coordinated environmental review. In adopting its own Findings Statement, the City Council properly relied upon the FEIS and Findings Statement prepared by the lead agency, the IDA (*see East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 189 AD2d 352, *affd* 84 NY2d 287). Any initial procedural defect in the City Council's adoption of the rezoning resolution was effectively cured (*see Matter of Golden Triangle Assoc. v Town Bd. of Town of Amherst,* 185 AD2d 617; *Matter of Welsh v Town of Amherst Zoning Bd. of Appeals,* 270 AD2d 844).

The petitioners' remaining contentions are without merit or have been rendered academic in light of our determination. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.