In an action, inter alia, to compel the specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated September 26, 2007, which granted the plaintiffs motion for summary judgment dismissing its affirmative defense and directing specific performance of the contract and denied its cross motion for summary judgment, in effect, dismissing the complaint, and (2) a judgment of the same court dated October 31, 2007, which, upon the order, is in favor of the plaintiff and against it, directing it to convey the subject real property pursuant to the terms of the contract between the parties.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the law, the plaintiff’s motion for summary judgment dismissing the defendant’s affirmative defense and directing specific performance of the contract is denied, the defendant’s cross motion for summary judgment, in effect, dismissing the complaint is granted, the complaint is dismissed, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the defendant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CFLR 5501 [a] [1]).
*661 The Board of Trustees of the defendant Village of Spring Valley adopted a resolution declaring a parcel of real property on a dead-end road to be surplus property (hereinafter the property) and authorizing its sale to the plaintiff. The parties signed a contract of sale and the plaintiff tendered a check for the down payment. When, approximately five months later, the plaintiff demanded that the Village close title, the Village rescinded the contract, returned the down payment, and adopted another resolution directing that the property be used for a Village park.
The plaintiff commenced this action, inter alia, for specific performance. In its answer, the Village asserted as an affirmative defense that the contract was, among other things, void due to the Village’s failure to comply, in entering into the contract, with the requirements of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). The plaintiff moved for summary judgment dismissing the affirmative defense and directing specific performance of the contract, and the Village cross-moved for summary judgment, in effect, dismissing the complaint. The Supreme Court granted the plaintiff’s motion, denied the cross motion, and entered judgment in favor of the plaintiff, reasoning that the Village’s affirmative defense was time-barred by the four-month statute of limitations applicable to CPLR article 78 proceedings challenging the validity of municipal actions (see CPLR 217). We disagree and reverse the judgment.
Contrary to the Supreme Court’s conclusion, the statute of limitations governs the commencement of an action, not the assertion of a defense (see CPLR 201, 217; Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]). As the plaintiff concedes, the sale of municipal land is an “action” subject to SEQRA (see ECL 8-0105 [4]; 6 NYCRR 617.2 [b] [1]; 617.5 [c] [25]). Having failed to comply with SEQRA’s requirement that it either determine that the proposed sale would not have a significant impact on the environment, and therefore issue a negative declaration (see 6 NYCRR 617.2 [y]; 617.7 [a] [2]), or make the requisite findings after considering an environmental impact statement (see ECL 8-0109 [8]), the Village’s action in entering into the contract of sale was void (see Devitt v Heimbach, 58 NY2d 925, 927 [1983]). Except in an “unusual factual situation,” which is not presented here, estoppel may not be invoked to overcome the failure to comply with SEQRA (see Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 368-371 [1988]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.