In the Matter of CITY COUNCIL OF THE CITY OF SARATOGA SPRINGS, Petitioner, *v.* TOWN BOARD OF THE TOWN OF GREENFIELD, Respondent.

Third Department, January 16, 1968.

*Edward A. Tracy* for respondent.

*Howard C. Nolan, Jr.,* for petitioner.

HERLIHY, J. The Town Board of the Town of Greenfield moves to dismiss a petition filed, pursuant to subdivision 1 of section 712 of the General Municipal Law, by the City Council of the City of Saratoga Springs for an adjudication and determination of the issue of whether the proposed annexation to the City of Saratoga Springs of territory in the Town of Greenfield is in the over-all public interest.

The motion to dismiss is premised on the failure of the city to commence a proceeding under article 78 of the CPLR within the 30 days prescribed by subdivision 3 of section 711 of the General Municipal Law to review the town's determination that the annexation petition failed to comply with the provisions of the Municipal Annexation Law; that such failure rendered the annexation proceedings a nullity; and that, therefore, the present petition for an adjudication and determination of the issue of over-all public interest is academic. The town alleges as a ground for disapproval that there was a failure to state the number of inhabitants in the district proposed to be annexed and that the City of Saratoga Springs "acted as a part of the Hearing and Determining Board of Judges in this Matter", and that these grounds presented questions which came within the purview of paragraphs a, b, c or d of subdivision 1 of section 705 of the statute and which are referred to in subdivision 3 of section 711 as being subject to review in an article 78 proceeding.

The city counters, not by a denial of the town's claim, but that subdivision 3 of section 712 of the statute provides for a consolidation of the proceedings. That section provides: "The appellate division may stay or transfer and consolidate with the proceeding brought pursuant to subdivision one of this section any other proceeding brought against one of the parties pursuant to the provisions of article seventy-eight of the [CPLR] concerning a matter described in paragraphs a, b,

c or d of subdivision one of section seven hundred five of this article and pending in any court.''

Here there is no such article 78 proceeding pending and thus nothing for this court to transfer and consolidate so that our determination would be limited to whether the proposed annexation is in the over-all public interest.

The proceedings, being statutory in essence, should procedurally be strictly construed. Here the failure to institute the article 78 proceeding is fatal. The intent of the Municipal Annexation Article is to have decided all jurisdictional and other threshold issues either by Special Term or by this court so that the issue to be decided by the ''referees '' will be limited to the issue of '' over-all public interest '' subject to final review by this court of that issue and '' any question of compliance with the procedural provisions of this article where such questions are before it.'' (§ 712, subds. 9, 10.)

The motion to dismiss should be granted.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Motion to dismiss granted, without costs, and without prejudice to the filing of a new petition for the same annexation.