■ In the Matter of Rodger Lee, Appellant, v Philip Coombes, Jr., as Superintendent of Eastern New York Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Vogt, J.), entered October 5, 1981 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel a grant of credit for time served for robbery toward a sentence for robbery imposed in 1976. Petitioner is an inmate at Napanoch. On April 19, 1972, he was sentenced upon his conviction for robbery to four years. He was paroled on July 18, 1973. While on parole, he was arrested on October 10, 1974 and charged with four counts of robbery committed on August 28, 1974. He was declared a parole delinquent as of the date of commission of these robberies and his parole was formally revoked on June 14, 1977. On September 23, 1976, he was found guilty of four counts of robbery in the first degree and was sentenced on each count to 10 to 20 years, to be served concurrently. He was also sentenced on April 11, 1976 to three to six years for assault in the first degree to run concurrently with the sentence for robberies. Petitioner contends that his sentence on the 1972 robbery was interrupted and did not begin to run again until his return to the jurisdiction of the State Department of Correction. Petitioner claims that when he was being sentenced on the new charges, his prior sentence had not run out and he was, therefore, entitled to credit for time spent in jail on the first robbery sentence against his sentencing pursuant to section 70.40 (subd 3, par [c]) of the Penal Law. We find that petitioner is not entitled to the relief he seeks. To succeed in a mandamus proceeding, petitioner must first have served a demand on respondent to recompute his time credits (see CPLR 217). The record before us lacks evidence of the requisite demand to recompute having been made upon respondent. It is only after such a demand is refused that petitioner may proceed to challenge the action by an article 78 proceeding commenced within four months of a refusal to recompute. Petitioner has thus not commenced this proceeding properly. The last-noted action in this matter occurred in June, 1977, when the Parole Board declared petitioner delinquent as of August 28, 1974 and revoked his parole formally. We note, parenthetically, that even if this proceeding had been properly commenced, petitioner's arguments are without merit. His sentence on the 1972 robbery had expired long before his sentence on the 1974 robbery had commenced. He was, therefore, not entitled to any credits against his subsequent sentence. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.