OPINION OF THE COURT
John G. Dier, J.
Petitioners, several citizens of the Towns of Jay and Wilmington and the Town Board of the Town of Jay, bring this CPLR article 78 proceeding seeking a declaration of nullity of a resolution, findings and order of the Town Board of the Town of Wilmington, dated May 16, 1983, which approved the annexation of over 5,000 acres of land in the Town of Jay. Petitioners ask this court to declare said resolution to be null and void, since the Town Board of the Town of Wilmington failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA; ECL art 8) prior to approving said annexation.
Respondents, the Town Board of the Town of Wilmington and Donal S. DeMacy, Supervisor of the Town of Wilmington, oppose petitioners’ application. A cross motion to dismiss is also submitted on behalf of the intervenors-petitioners in the annexation proceeding, a number of citizens of the Town of Jay, pursuant to *475 an order of the Appellate Division dated August 1, 1983. The opposing parties argue that an article 78 proceeding is not the proper vehicle for a judicial determination since there has been no final determination by the Appellate Division regarding the annexation question. They state further that said application by petitioners is an improper attempt to stay proceedings already pending in the Appellate Division, Third Department. Respondents and interveners also argue that the petition is barred by the four-month Statute of Limitations which pertains to article 78 proceedings as well as by the legal and equitable doctrines of loches. Respondents maintain that petitioners also lack proper standing to bring the instant motion since they have not demonstrated that they have or will suffer any injury that is protected by statute. Respondents argue that the annexation question does not invoke the application of SEQRA or need the approval of the Adirondack Park Agency, as argued by petitioners. In the alternative, respondents argue that if SEQRA is applicable, that the Town Board of the Town of Wilmington has substantially complied with its requirements.
FACTS
By resolution of the Town Board of the Town of Wilmington, dated May 16, 1983, the Board decided that the annexation of over 5,000 acres of land in the Town of Jay was in the over-all public interest. By resolution of the Town Board of the Town of Jay, dated May 19, 1983, that Board found that the proposed annexation by the Town of Wilmington was not in the over-all public interest.
In June of 1983, the Town of Wilmington petitioned the Appellate Division, Third Department, for a determination that the proposed annexation was in the over-all public interest. The Town of Jay was served as a respondent in that proceeding.
A number of other citizens of Ausable Acres, the proposed area of annexation, petitioned the Appellate Division, Third Department, for leave to intervene in the appellate proceedings and by order dated August 1, 1983, the intervenors-petitioners were granted permission to intervene.
On August 30, 1983, the Appellate Division, Third Department, appointed a panel of Judges to try the issues of annexation. There has not been a final determination in the appellate proceedings.
Finally, in April of 1984, the petitioners applied to the Appellate Division for a declaration of nullity of the resolution of the Town Board of the Town of Wilmington, dated May 16, 1983. *476 The Appellate Division dismissed the application on April 26, 1984, stating that it had no original jurisdiction to entertain the proceedings.
The present application before this court was commenced by way of an order to show cause dated August 10, 1984. Upon review of the written and oral arguments of the parties as well as the applicable statutory and case law, it is the opinion of this court that the resolution, findings, and order of the Town Board of the Town of Wilmington, dated May 16,1983, which, approved the annexation of land in the Town of Jay, is clearly null and void.
ECL 8-0109 (subd 2) states: “All agencies * * * shall prepare, or cause to be prepared by contract or otherwise an environmental impact statement on any action they propose or approve which may have a significant effect on the environment.” The statute further states in ECL 8-0109 (subd 4) that “As early as possible in the formulation of a proposal for an action, the responsible agency shall make an initial determination whether an environmental impact statement need be prepared for the action.” An initial question which arises is whether the Town Board of the Town of Wilmington is an agency within the meaning of the statute. An agency is defined in ECL 8-0105 (subd 3) as “any state or local agency” and local agency is defined as “any local agency, board, district, commission or governing body, including any city, county, and other political subdivision of the state.” (ECL 8-0105, subd 2.) It is clear, therefore, that the Town Board of the Town of Wilmington is a local agency.
The term “action” poses a second question. Is the annexation of over 5,000 acres in the Town of Jay by the Town of Wilmington an action which invokes SEQRA requirements?
Action is defined by 6 NYCRR 617.2 (b) as
“projects or physical activities, such as construction or other activities which change the use or appearance of any natural resource or structure, which:
“(i) are directly undertaken by an agency; or
“(ii) involve funding by an agency; or
“(iii) require one or more permits from an agency or agencies;
“(2) planning activities of an agency that commit the agency to a definite course of future decisions;
“(3) agency rule, regulation, procedure and policy making; and
*477 “(4) combinations of the above.”
Upon further consultation with the Environmental Conservation Law, actions are divided into five categories: Type I, Type II, unlisted, exempt and excluded. Type I actions are “considered more likely to require the preparation of an [Environmental Impact Statement] than other actions and are likely to involve review by more than one governmental agency, and therefore procedural requirements for Type I actions * * * are more extensive than those for unlisted actions” (6 NYCRR 617.12 [a]).
6 NYCRR 617.12 lists particular actions which are Type I actions. 6 NYCRR 617.12 (b) (4) states that “the acquisition, sale, lease or other transfer of 100 or more contiguous acres of land by a State or local agency” is a Type I action if directly undertaken, funded or approved by an agency. It is apparent that the annexation of over 5,000 acres of land would certainly be considered a Type I action in accordance with this section. As argued by respondents, this section mandates a transfer of title or a sale, and is therefore not applicable to the action in question. The court disagrees since the language of the statute merely says transfer. 6 NYCRR 617.6 (b) states that “an [Environmental Assessment Form] shall be completed for every Type I action which is directly undertaken, funded or approved by an agency, unless an acceptable draft [Environmental Impact Statement] has already been or will be prepared on the action”. The required environmental assessment form or environmental impact statement was never completed by the Town Board of the Town of Wilmington.
Furthermore, it is clear to this court that even if the action in question is not a Type I action, that certainly it is at least an unlisted action with possible environmental effects, in which case a statement of nonsignificance should have been prepared. 6 NYCRR 617.11 lists criteria for Type I or unlisted actions to determine whether there may be a significant effect on the environment. Included in that list are: “(3) the encouraging or attracting of a large number of people to a place or places for more than a few days, compared to the number of people who would come to such place absent the action” (6 NYCRR 617.11 [a] [3]) and “(8) a substantial change in the use or intensity of use, of land or other natural resources or in their capacity to support existing uses”. (6 NYCRR 617.11 [a] [8].) Reviewing the text of the resolution of the Town Board of the Town of Wilmington, dated May 16, 1983, attached to the petitioners’ moving papers, the Ausable Acres population of the proposed area of annexation is about 400 persons. The total population of the Town of Jay as of 1980 was 2,221 people and the total population *478 of the Town of Wilmington as of 1980 was 1,051. The proposed annexation would change the populations of each town by a substantial percentage. The proposal also discusses a change in recreational use, particularly in regard to youth programs which would necessarily impact on the use of natural resources and the environment. A review of that proposal is most persuasive to petitioners’ case.
The regulations of SEQRA must be complied with in view of the afore-mentioned criteria.
New York case law is replete with cases establishing not only a standard of compliance with SEQRA but also establishing court sanctions for failure to properly comply with SEQRA.
Respondents argue that should the requirements of SEQRA be held to apply to the Town Board’s resolution that the town has substantially complied by addressing many of the factors prescribed by SEQRA in its discussions and in the actual resolution. In Matter of Badura v Guelli (94 AD2d 972, 973) the court stated “Since the Town Board of Walworth failed to prepare an [Environmental Impact Statement], Special Term correctly remitted the matter for further proceedings because literal rather than substantial compliance with SEQRA is required” (emphasis added) and the court stated further that “[t]he town board therefore, has not engaged in the finely tuned and systematic balancing analysis that is mandated by the SEQRA * * * and there can be no implementation of the rezoning resolution until the requirements of the SEQRA are met” (p 973). In Matter of Rye Town/King Civic Assn. v Town of Rye (82 AD2d 474, 480-481), the court said that literal compliance with SEQRA is mandated and “substantial compliance with the ‘spirit’ of the act does not constitute adherence to its policies ‘to the fullest extent possible’.” Accordingly, an agency which has carried out extensive environmental review procedures, but has failed to adhere to literal requirements of SEQRA, has failed to properly discharge its duties under the act.
In Glen Head-Glenwood Landing Civ. Council v Town of Oyster Bay (88 AD2d 484, 491), the court said “the town board’s failure to make the necessary ‘explicit’ SEQRA findings in rezoning the property was fatal.” The court upheld the Supreme Court’s decision which declared the resolution of the town to be illegal, void and of no force and effect.
A resolution of county legislature authorizing the sale of 100 contiguous acres of county-owned real property (Type I action) (see 6 NYCRR 617.12) was not properly passed and must be annulled; whether or not sale would have significant impact on *479 the environment, since the legislature did not have before it prior to passing resolution either an environmental impact statement or a determination of nonsignificance. Statements should be before the body considering the proposal prior to its consideration of and decision on the proposal (Devitt v Heimbach, 58 NY2d 925). It is the opinion of this court, therefore, that the Town Board of the Town of Wilmington did not properly comply with SEQRA. Finally, as to the effect of failure to comply with SEQRA, Matter of Tri-County Taxpayers Assn. v Town Bd. (55 NY2d 41, 43-46) established that since the town
“had not prepared and filed an environmental impact statement with respect to the establishment of a proposed sewer district prior to the adoption by the town board of resolutions authorizing the establishment and financing of such district and to the submission of those resolutions to the voters of the proposed district at a special election, implementation of the objectives and enforcement of the provisions of the State Environmental Quality Review Act [ECL art 8] require that such resolutions and special election be declared null and void * * *
“[It was the] intention of the Legislature * * * that the environmental impact statements * * * be prepared by a local agency * * * with respect to any action which might have a significant effect on the environment * * * prior to action on the proposal in question.”
Certainly, matters had proceeded in the afore-mentioned case to a later stage than in the matter at hand. Therefore, respondents’ arguments regarding loches must fail since the courts are clear that SEQRA must be considered before a resolution can be properly passed and then move forward toward implementation.
A brief comment on respondents’ Statute of Limitations argument. This court has elected, as requested by petitioners in the alternative, to treat this as an application for a declaratory judgment with its six-year Statute of Limitations.
Respondents’ argument that petitioners have no standing to bring the instant application is without merit, since petitioners are residents of both towns and have an interest in preserving the quality of the environment where they reside.