In the Matter of MARTIN CONNELL et al., Respondents, v TOWN BOARD OF THE TOWN OF WILMINGTON et al., Appellants, and GRACE ALTIERI et al., Intervenors-Appellants.

Third Department, December 5, 1985

## APPEARANCES OF COUNSEL

*William H. Kissel* for appellants.

*McPhillips, Fitzgerald, Meyer & McLenithan (Joseph R. Brennan* of counsel), for respondents.

*James M. Brooks* for intervenors-appellants.

### OPINION OF THE COURT

HARVEY, J.

In December 1982, petitions were presented to the Town Boards of the Town of Jay and the Town of Wilmington in Essex County which proposed that approximately 5,000 acres of land, known as Ausable Acres and located in the Town of Jay, be annexed to the Town of Wilmington. A joint hearing was held before the Board members of both towns and, in May 1983, the Wilmington Town Board determined that the annexation of Ausable Acres would be in the over-all public interest. Immediately thereafter, the Jay Town Board passed a resolu-

tion determining that annexation was not in the public interest. In June 1983, the Town of Wilmington petitioned this court for a determination as to whether the proposed annexation was in the over-all public interest (General Municipal Law § 712). Trial of that issue by a panel of three Judges began in April 1984, but was interrupted by this proceeding and remains pending.

On August 10, 1984, petitioners, consisting of the Jay Town Board and four other citizens residing in one or the other of the two towns, commenced the instant CPLR article 78 proceeding to annul the resolution of the Wilmington Town Board. Petitioners claimed that ECL 8-0109 (2) (SEQRA) applied to the action taken by the Wilmington Town Board in adopting its resolution. Since respondents failed to file an environmental impact statement (EIS) in accordance with the statute, petitioners argued that the resolution, determining the proposed annexation of Ausable Acres to be in the over-all public interest, should be declared null and void. Special Term agreed with petitioners and declared the resolution to be a nullity (126 Misc 2d 474). This appeal ensued.

■■ We disagree for three principal reasons: (1) the procedures set forth in General Municipal Law article 17 constitute all of the procedural requirements for annexation of a territory by an adjoining municipality; (2) adoption of the resolution by the Wilmington Town Board was not an "action" as defined by SEQRA; and (3) the CPLR article 78 proceeding was not commenced in a timely manner.

■ This appears to be a case of first impression. No party to this appeal has cited any instance in which anyone, prior to this case, has contended that ECL 8-0109 (2) applied to the annexation of a territory by a neighboring town, and our research reveals no such cases. The complete requirements for annexation proceedings are contained in General Municipal Law article 17. In General Municipal Law §§ 701 through 718, the Legislature has established and set forth the step-by-step procedures required to bring about the annexation of territory from one town to another. Nothing contained in the article requires the preparation of a statement concerning environmental consequences before an annexation petition can be accepted for filing or before a Town Board can make a determination of over-all public interest. In section 718 (5), the Legislature provided that this article shall be controlling notwithstanding any inconsistent act of the Legislature to the contrary.

In enacting SEQRA, the Legislature declared a State policy to promote efforts to prevent or eliminate damage to the environment and to enhance human and community resources (ECL 8-0101). SEQRA requires the preparation of an EIS by an agency in any "action" it proposes or approves which may have a significant impact on the environment (ECL 8-0109 [2]). ECL 8-0105 (4) defines "actions" to include:

"(i) projects or activities directly undertaken by any agency; or projects or activities supported in whole or part through contracts, grants, subsidies, loans, or other forms of funding assistance from one or more agencies; or projects or activities involving the issuance to a person of a lease, permit, license, certificate or other entitlement for use or permission to act by one or more agencies;

"(ii) policy, regulations, and procedure-making."

ECL 8-0105 (4), as we interpret it and as it has been interpreted by regulations (6 NYCRR 617.2 [b]), has no application to that which the Wilmington Town Board was required to do. The Wilmington Town Board was required by General Municipal Law § 711 to perform a quasi-judicial function. The Jay Town Board was required to perform the same function. Both Boards were required, within 90 days after the joint hearing, to make determinations as to whether the proposed annexation would be in the over-all public interest. Neither Board, either then or now, was required to undertake any project or activity and neither did. The mere fact that the Wilmington Town Board found annexation to be in the over-all public interest, and the Jay Town Board did not, cannot be interpreted to mean that the Wilmington Town Board became an agency which undertook a project or activity. The annexation proposal was initiated by a petition signed by the required number of residents in the territory to be annexed. Those residents were not an "agency" within SEQRA's definition. The Wilmington Town Board made its determination. The next step will be a decision of this court as to the issue of over-all public interest. The final step, should this court decide the issue of public interest in favor of annexation, will be a vote by the qualified voters of the territory to be annexed. At no time during the entire process did the Wilmington Town Board commit itself or the Town of Wilmington to the undertaking of any project or activity in the event of annexation, nor will it be so required.

In support of their position, petitioners cite *Matter of Tri-*

*County Taxpayers Assn. v Town Bd.* (55 NY2d 41), *Matter of Town of Henrietta v Department of Envtl. Conservation* (76 AD2d 215) and *Onondaga Landfill Sys. v Flacke* (81 AD2d 1022). The latter two cases have no similarity whatsoever to the circumstances of this case and, consequently, are of no precedential value. The case of *Matter of Tri-County Taxpayers Assn. v Town Bd. (supra)* is completely distinguishable. In that case, the Queensbury Town Board undertook, subject to a referendum, the establishment of a sewer district and construction of related facilities and authorized funding therefor. There was no question that the Queensbury Town Board was undertaking a project or activity which committed it to funding and to a course of future decisions as defined by regulation (6 NYCRR 617.2 [b]). The only issue was to determine at what point an EIS should have been filed. In its planning, the Queensbury Town Board possessed complete detailed plans as to the hook-up with the Warren County sewer system and the facilities to be constructed to implement the plan. With that information, a meaningful environmental study could have been accomplished prior to its vote on the proposal.

In the instant case, no meaningful study could have been made because annexation, in and of itself, would not create an identifiable plan or program. The general tenor which we detect from the record is that the residents of the territory who petitioned for annexation expect that the Wilmington Town Board will be more progressive in administering to their needs than the Jay Town Board has been. If their expectations are fulfilled, the Wilmington Town Board will, in the future, propose or approve actions which may have a significant impact on the environment. In that event, the Wilmington Town Board will have to comply with SEQRA. However, it has no present obligation established by that statute.

In discussing the last point, let us assume, arguendo, that SEQRA applied to the role played by the Wilmington Town Board. Petitioners have challenged said Board's decision because of its illegality. Under those circumstances, the proper remedy is a CPLR article 78 proceeding either in the nature of certiorari, in the case of a determination of a quasi-judicial nature, or in the nature of mandamus to review, in the case of an administrative determination *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:4, C7803:5, pp 332-334; *see also,* 23 Carmody-Wait 2d, NY Prac §§ 145:4-145:6, at 427-432).

We disagree with petitioners in their contention that

their action was in the nature of mandamus to compel. The petition demanded a review of the proceedings and a determination by Special Term that the resolution be nullified. The petition did not seek to compel any public official or body to perform any act. The distinction becomes important because it determines when the four-month Statute of Limitations of CPLR 217 began to run (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C217:1, pp 506-508). A condition precedent to commencement of an article 78 proceeding to compel a public official to perform an act required of him by law is a demand that he do so (CPLR 217; *Matter of Ferro v Lavine,* 46 AD2d 313). In that instance, the Statute of Limitations begins to run upon the refusal to so act *(State of New York v Rockland County,* 74 AD2d 921). But, when the proceeding seeks to review a determination which has been made, the Statute of Limitations begins to run from the date that the determination is made known *(Matter of Lee v Coombes,* 89 AD2d 677; *Matter of Tufaro Tr. Co. v Board of Educ.,* 79 AD2d 376, 379).

Since the article 78 proceeding herein was commenced nearly 15 months after the resolution was adopted, it was clearly untimely. It is undenied that the resolution became a matter of public knowledge immediately after its enactment. It should also be noted that treating the proceeding as mandamus to compel would not work to petitioners' advantage. The law requires that a demand be made within a reasonable time after the right to make the demand occurs *(Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488; *Matter of Central School Dist. No. 2 v New York State Teachers' Retirement Sys.,* 27 AD2d 265, *affd* 23 NY2d 213; *Matter of Devens v Gokey,* 12 AD2d 135, 136-137, *affd* 10 NY2d 898). In determining the length of time considered to be reasonable, we recall that the conduct of the hearing which preceded the Wilmington Town Board's decision was the joint responsibility of that Board and the Jay Town Board, a petitioner herein. In effect, as a petitioner herein, the Jay Town Board is accusing itself of having proceeded illegally. Particularly under those circumstances, petitioners should not be permitted to sit back and make a demand after the beginning of a trial ordered by this court and 10 months after the Wilmington Town Board adopted the resolution.

The written decision of Special Term states no reason for conversion of the article 78 proceeding to an action for declaratory judgment and we can conceive of none. If it was granted

at the request of petitioners, as stated in the decision, it was not only improper to grant the motion in order to provide a longer Statute of Limitations, but also ineffective to accomplish that purpose *(see, Lenihan v City of New York,* 58 NY2d 679, 682; *Press v County of Monroe,* 50 NY2d 695, 703-704). There is no specific Statute of Limitations for declaratory judgment actions *(Solnick v Whalen,* 49 NY2d 224, 229-233). They fall into the "all other" category *(supra,* at p 229). When the relief demanded in a declaratory judgment action can be granted in an article 78 proceeding, the four-month limitation period applies and is governed by the factors which we have described *(Lenihan v City of New York, supra,* p 682; *Press v County of Monroe, supra,* pp 703-704; *Solnick v Whalen, supra,* pp 229-233). Therefore, an article 78 proceeding was the proper remedy. We have considered the other issues raised by the parties and have concluded that they have insufficient merit to require further comment by us.

KANE, J. P., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, with costs, and petition dismissed.