■ CROSS WESTCHESTER DEVELOPMENT CORP. et al., Respondents-Appellants, v TOWN BOARD OF THE TOWN OF GREENBURGH, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* (1) to review a determination of the Town Board of the Town of Greenburgh (hereafter town board), dated February 10, 1988, which made a determination of environmental significance pursuant to ECL article 8, and (2) to prohibit the town board from challenging any determination made by the Village of Elmsford regarding the petitioners' annexation petition in the event the town board fails or refuses to join with the Village of Elmsford in a joint public hearing pursuant to General Municipal Law §§ 704 and 705 (3), the town board appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), entered April 11, 1988, as granted so much of the petition as sought review of its determination of significance, and the petitioners have filed a notice of cross appeal from that judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the town board; and it is further,

Ordered that the petitioners are awarded one bill of costs.

The petitioners applied to the town board to have annexed to the Village of Elmsford 23 acres of land owned by them which were contiguous to the village. The town board, purporting to act pursuant to ECL article 8 and 6 NYCRR part 617, made a determination that a draft environmental impact statement (hereinafter DEIS) was required. The petitioners brought this proceeding, *inter alia,* to have the determination annulled on the ground that annexation, in and of itself, was not an "action" because no specific project or proposal had been submitted and, therefore, a DEIS was not required. The Supreme Court annulled the determination. We now affirm the judgment insofar as appealed from.

We note that subsequent to *Matter of Connell v Town Bd.* (113 AD2d 359, *affd* 67 NY2d 896), which held that annexation, in and of itself, was not an "action" such as to require the preparation of a DEIS, the New York State Department of Environmental Conservation (hereafter DEC) amended its

regulations to make annexation of 100 or more contiguous acres "Type I" actions (6 NYCRR 617.12 [b] [4]). We also note that the DEC intended, by so doing, to make annexations involving less than 100 acres "Unlisted" actions (DEC draft generic environmental impact statement for revisions to State-wide regulations implementing SEQRA, Jan. 15, 1986, at 14). Thus, while we agree with the town board that the annexation in the present case is an unlisted action, we disagree that a DEIS is required. The record does not establish that the petitioners have any specific plans for the development or use of the parcel. In the absence of a specific project plan, which has been actually formulated and proposed, a DEIS is not required *(Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738). The town board may not require a DEIS based on a speculative possibility of use of the property *(Seaview Assn. v Department of Envtl. Conservation,* 123 AD2d 619).

In any event, should the petitioners seek to develop the property after the annexation, it would be the responsibility of the Village of Elmsford to request the submission of a DEIS *(see, Matter of Connell v Town Bd., supra).* To require a DEIS at this stage, when the Village of Elmsford would also require a DEIS if development of the property is proposed after the annexation, would amount to a duplication in reporting *(see,* ECL 8-0107; 6 NYCRR 617.3).

Accordingly, the judgment of the Supreme Court is affirmed insofar as appealed from. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.