■ PAUL F. DATTOLA et al., Appellants, TOWN OF ALTAMONT, Respondent. (And Another Related Action.)—Harvey, J. Appeals from an order of the Supreme Court (Duskas, J.), entered February 5, 1988 in Franklin County, which, *inter alia*, granted defendant's motions for summary judgment and declared that defendant did not violate Town Law § 202-b (1) by its July 28, 1986 resolution.

Plaintiffs are homeowners within defendant. In 1985 defendant established Water District No. 11, which contained a two-inch water line that serviced five homes along Park Street and Old Wawbeek Road. The home of plaintiffs William Annette and Sandra Annette was also located adjacent to this line, but their water needs were serviced by a well. Thereafter, the Annettes' well water became undrinkable and they requested permission to connect to the existing water line serving the five adjacent properties. In the meantime, the remaining plaintiffs, Paul F. Dattola, Patricia Dattola, James Willett and Susan Willett, purchased adjoining lots situated on Park Street and requested that their properties also be hooked up to the existing two-inch water line. Plaintiffs were advised, however, that the existing water line was inadequate to serve additional properties and a new six-inch water line would have to be installed to accommodate plaintiffs' requests. This decision was consistent with the prior advice given to the Dattolas and Willetts when the water district was established.

Thereafter, a number of public meetings and hearings were held to discuss the cost involved for the proposed new line. Ultimately, it was agreed by all present that 75% of the cost of installing the new water line would be charged to plaintiffs,

as those receiving a direct benefit, and the remaining 25% was to be charged to the entire district. Following the hearings, defendant's Town Board passed a resolution detailing this determination. Plaintiffs specifically agreed to share the cost of the new water line. The new line was subsequently installed as requested and the cost to the district residents were assessed on defendant's 1987 tax roll. In December 1987, plaintiffs commenced these actions against defendant requesting, *inter alia,* judgments declaring the allocations of costs to be illegal. Defendant moved to dismiss the actions on Statute of Limitations grounds. Upon giving notice to the parties, however, Supreme Court converted the motions to ones for summary judgment and granted a declaration in favor of defendant. These appeals followed.

There must be an affirmance. Plaintiffs argue that defendant's action in requiring the owners of just three properties to pay 75% of the cost of replacing a water line servicing eight properties violated Town Law § 202-b (1) and denied them equal protection of the law. Upon examination of the record, however, we find that this argument lacks merit. The crux of plaintiffs' argument is that the installation of the six-inch water line to replace the existing two-inch line did not constitute installation of a new line, but was actually the replacement of "inadequate" equipment which costs should be a charge against the district as a whole pursuant to Town Law § 202-b (1). According to plaintiffs, this statute negates any prior agreements between the parties requiring plaintiffs to bear 75% of the costs.

We agree with Supreme Court, however, that Town Law § 202-b (1) must be read in conjunction with Town Law §§ 199 and 202, which clearly establish that the cost of the construction of such extensions or improvements should be on a "benefit" basis whereby the cost of construction should be assessed "upon the several lots or parcels of land deemed benefited, in proportion to the amount of benefit which the improvement conferred upon the same" (Town Law § 199 [1] [a]; *see,* Town Law § 199 [1] [b]; § 202; *see also,* 1981 Opns St Comp No. 81-4). Since Town Law § 202-b (1) does not prohibit the cost agreement entered into between plaintiffs and defendant *(see,* Town Law § 231 [2]), we find no error by Supreme Court in making a declaration on the merits. In light of our determination of that issue, there is no reason to address defendant's contention that these actions should have been brought as CPLR article 78 proceedings challenging the

Town Board's prior resolution *(see, e.g., Matter of Connell v Town Bd.,* 113 AD2d 359, *affd* 67 NY2d 896).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.