[614 NYS2d 774]

In the Matter of VILLAGE OF SAUGERTIES, Petitioner, v TOWN OF SAUGERTIES, Respondent.

Third Department, July 14, 1994

APPEARANCES OF COUNSEL

*D. Holly Carnright, Village Attorney* of Village of Saugerties, for petitioner.

*John J. Greco,* Kingston, for respondent.

## OPINION OF THE COURT

MERCURE, J.

On January 31, 1990, a petition was filed with petitioner pursuant to General Municipal Law § 703 proposing that approximately 17 acres of land located in the Town of Saugerties, Ulster County, be annexed to petitioner. Public hearings were conducted pursuant to General Municipal Law § 705 in March and April 1990. On June 27, 1990, respondent adopted a resolution resolving and ordering that the petition for annexation did not comply with the provisions of General Municipal Law article 17 and that it was not in the over-all public interest to approve the proposed annexation. On July 16, 1990, petitioner adopted a resolution resolving and ordering that the petition did comply with General Municipal Law article 17 and that it was in the over-all public interest to approve the proposed annexation. On July 26, 1990, petitioner filed a petition in this Court for a determination pursuant to General Municipal Law § 712 on the issue of whether the proposed annexation is in the over-all public interest. On February 4, 1991, we referred the matter to a three-Judge panel of Referees (hereinafter the panel) pursuant to General Municipal Law § 712 (6).

The panel conducted a hearing on September 17, 1993. Following the hearing and on September 23, 1993, a motion was made to dismiss the petition upon the ground that petitioner failed to comply with the provisions of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and 6 NYCRR part 617 prior to its July 16, 1990 approval of the petition for annexation. Petitioner opposed the motion, *inter alia,* upon the ground that the SEQRA challenge was untimely because the applicable Statute of Limitations expired four months following petitioner's July 16, 1990 action *(see,* CPLR 217 [1]). The panel agreed that the limitations period commenced on July 16, 1990 but concluded that respon-

dent preserved its SEQRA challenge by raising the issue in its answer to the petition to this Court. Addressing the merits of the SEQRA issue, the panel determined that petitioner was required to and did not comply with SEQRA. It accordingly granted the motion and dismissed the petition. Respondent now moves to confirm the panel's determination.

Initially, we agree with petitioner that, to the extent it was required to comply with SEQRA prior to its July 16, 1990 resolution, respondent had a period of four months within which to attack petitioner's action on that basis *(see, Matter of New York State Conference of Blue Cross & Blue Shield Plans v Cooper,* 173 AD2d 60, 63; *Matter of Wing v Coyne,* 129 AD2d 213),* either by means of a CPLR article 78 proceeding in Supreme Court or by raising the issue as a defense in the proceeding before this court *(see,* General Municipal Law § 712 [3]; *Matter of City Council of City of Saratoga Springs v Town Bd. of Town of Greenfield,* 29 AD2d 167). The parties have not indicated the pendency of any CPLR article 78 proceeding and, contrary to the panel's determination, even our most liberal reading of respondent's answer in this proceeding discloses the existence of no SEQRA challenge. We thus conclude that respondent's challenge was untimely and that the motion to dismiss should have been denied on that basis. A second, and more fundamental, flaw in the panel's analysis is that it failed to take into account the fact that the sole issue for its consideration was that concerning the "over-all public interest" *(Matter of City Council of City of Saratoga Springs v Town Bd. of Town of Greenfield, supra,* at 169). Depending upon the manner in which they are raised, jurisdictional and other threshold issues are to be determined either in Supreme Court or in this Court prior to submission to the Referees of the issue of whether the annexation is in the over-all public interest *(see, supra).*

In light of the above, respondent's motion to confirm the Referees' determination must be denied, the panel's determination annulled and the matter remitted to the panel for consideration of the issue of whether the annexation is in the over-all public interest.

MIKOLL, J. P., CREW III and YESAWICH JR., JJ., concur.

Adjudged that the motion is denied, without costs, Referees' determination annulled and matter remitted to the Referees for further proceedings not inconsistent with this Court's decision.