■ In the Matter of CITY OF GLOVERSVILLE et al., Petitioners, v TOWN OF JOHNSTOWN, Respondent. [620 NYS2d 184] —Mercure, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of property now located in the Town of Johnstown to the City of Gloversville is in the overall public interest.

In July 1993, a petition was presented to the Common Council of petitioner City of Gloversville and respondent's Town Board pursuant to General Municipal Law § 703 propos-

ing that 43.72 acres of land located in the Town of Johnstown be annexed to the City. A joint public hearing pursuant to General Municipal Law § 705 was conducted on August 25, 1993. On September 27, 1993, the City's Common Council adopted Resolution No. 147-93 approving the original request for annexation. On November 15, 1993, respondent adopted a resolution denying and disapproving the proposed annexation, citing as procedural defects (1) petitioners' failure to comply with the provisions of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and (2) the City's failure to have a quorum of its Common Council present at the August 25, 1993 public hearing. In December 1993, the City commenced this General Municipal Law § 712 proceeding for a determination as to whether the proposed annexation is in the overall public interest. The SEQRA and lack-of-quorum issues cited in respondent's November 15, 1993 resolution were asserted as affirmative defenses in respondent's answer to the petition and are now before us for resolution on the present motion by respondent to dismiss the petition *(see, Matter of Village of Saugerties v Town of Saugerties,* 201 AD2d 52; *Matter of City Council v Town Bd.,* 29 AD2d 167, 169).

Initially, we are not persuaded that the City's failure to produce a quorum of its Common Council rendered the August 25, 1993 public hearing defective. Significantly, neither General Municipal Law § 701 (2) nor General Municipal Law § 705 (1) requires that a quorum of a governing board be present in order for a joint public hearing to be validly conducted. In fact, as noted by the City, the effect of General Municipal Law § 705 (3) is that even the complete failure of an affected local government to participate in a hearing will not render it invalid. Further, a verbatim transcript of the hearing was taken *(see,* General Municipal Law § 705 [2]) and the City's September 27, 1993 resolution recites that its Common Council had "duly considered * * * the testimony and evidence presented at [the August 25, 1993 joint public] hearing" *(see, Matter of Taub v Pirnie,* 3 NY2d 188).

Nor do we agree with respondent's assertion that the City's failure to comply with SEQRA prior to its adoption of Resolution No. 147-93 nullifies its action.* If, in fact, the City was required to comply with SEQRA prior to its adoption of

---

* In this case, as in *Matter of Village of Saugerties v Town of Saugerties (supra),* no contention was advanced or determination made by this Court concerning the propriety of raising a SEQRA challenge as a defense to a proceeding commenced pursuant to General Municipal Law § 712. Although

Resolution No. 147-93, respondent's objection was rendered academic by the City's subsequent adoption of a resolution classifying the proposed annexation as an unlisted action and proposing that it act as lead agency, the preparation and filing of an environmental assessment form and the City's June 6, 1994 negative declaration *(see, Matter of Weinstein Enters. v Town of Kent,* 171 AD2d 874).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the motion is denied, with costs.

a SEQRA challenge would not appear to fit within any of the categories of objection specified in General Municipal Law § 705 (1), we express no view as to whether such a challenge may be raised by way of defense to a General Municipal Law § 712 proceeding *(see,* General Municipal Law § 712 [3]; *Matter of City Council v Town Bd., supra)* or in a separate CPLR article 78 proceeding *(see,* General Municipal Law § 711 [3]; § 712 [3]; *but see, Cross Westchester Dev. Corp. v Town Bd.,* 141 AD2d 796; *Matter of Connell v Town Bd.,* 113 AD2d 359, *affd* 67 NY2d 896) and, in the latter event, the applicable Statute of Limitations *(compare,* General Municipal Law § 711 [3], *with* CPLR 217 [1]; *see, Matter of Crepeau v Zoning Bd. of Appeals,* 195 AD2d 919, 921).