■ In the Matter of TAXPAYERS OPPOSED TO FLOODMART, LTD., Appellant, v CITY OF HORNELL INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, and POLAR-BEK & BAKER, Intervenor-Respondent. [624 NYS2d 689] —Judgment insofar as appealed from unanimously reversed on the law with costs and petition granted in accordance with the following Memo-

randum: In December 1992 respondent City of Hornell (City) annexed an 80-acre parcel of property and rezoned that parcel B-2 General Business. Petitioner challenged the annexation and rezoning on several grounds. Supreme Court concluded that "a draft environmental impact statement was required before the City could annex the parcel" and annulled the annexation and rezoning. The City did not appeal from that order and judgment.

While that case was pending, intervenor Polar-BEK & Baker submitted an application to construct a retail shopping center on the annexed parcel. Respondent City of Hornell Industrial Development Agency (IDA) declared itself lead agency and concluded that the project might have a significant adverse environmental impact, thus requiring the preparation of an environmental impact statement. A draft environmental impact statement prepared by consultants for intervenor stated that the project was a retail shopping center "proposed for development on an 80-acre site within the B-2 General Business zoning district"; it did not discuss the environmental impact of the annexation or rezoning.

The IDA issued a final environmental impact statement and adopted a Findings Statement that concluded that construction of the shopping center would not have a significant environmental impact. Supreme Court held that the IDA had taken a "hard look" at the "relevant areas of environmental concern" and dismissed the petition challenging the IDA's action.

The Department of Environmental Conservation has stated that the State Environmental Quality Review Act (SEQRA) "should be applied at the time the initial petitions for annexation are presented to the involved municipalities" (SEQR Handbook 105 [Nov. 1992 ed]). Moreover, "annexation considerations cannot be segmented from the SEQRA analysis necessary for the whole action" (SEQR Handbook, *ibid*). When the court annulled the annexation and rezoning because of the failure of the City to comply with SEQRA, the factual predicate underlying the application for construction of the proposed retail shopping center, that is, the location of the parcel within one municipality and zoned B-2 General Business, no longer existed. Because literal rather than substantial compliance with SEQRA is required *(see, Matter of Badura v Guelli,* 94 AD2d 972, 973; *Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, 482, *lv dismissed* 56 NY2d 985), the issuance of the final environmental impact statement and

the adoption of the Findings Statement by the IDA must be annulled. (Appeal from Judgment of Supreme Court, Steuben County, Purple, Jr., J.—Article 78.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ. (Filed Jan. 24, 1995.)