■ In the Matter of CITY COUNCIL OF THE CITY OF WATERVLIET et al., Petitioners, v TOWN BOARD OF THE TOWN OF COLONIE, Respondent. [766 NYS2d 395] —Kane, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of property now located in the Town of Colonie to the City of Watervliet is in the overall public interest.

Petitioner East-West Realty Corporation is the owner of approximately 37 acres of real property located in the Town of Colonie, Albany County, bordering the City of Watervliet, Albany County. East-West is considering building a senior citizen assisted-living development on its property. Proceeding with such a project would be difficult within Colonie due to zoning restrictions, community opposition and other factors. East-West has not made any official application for development, and has no concrete plans. East-West petitioned

petitioner City Council of the City of Watervliet (hereinafter Watervliet) and respondent seeking to have Watervliet annex approximately 43 acres, including East-West's 37 acres. A joint hearing was held on the petition by the two governing bodies (*see* General Municipal Law § 705). Respondent passed a resolution finding that East-West failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and that annexation was not in the overall public interest, thus denying the petition. Watervliet adopted a resolution finding that the proposed annexation was in the overall public interest and approving the petition.

Watervliet commenced the present proceeding in this Court to determine whether the proposed annexation was in the overall public interest (*see* General Municipal Law § 712 [1]). East-West intervened as a petitioner (*see* General Municipal Law § 712 [4] [b]). In its answer, respondent made an objection in point of law that Watervliet did not comply with SEQRA prior to approving annexation. Respondent then moved to dismiss the petition on that ground. East-West opposed respondent's motion and cross-moved for an order of reference. Watervliet joined in East-West's opposition. Because annexation requires SEQRA review, we dismiss the petition.

Contrary to East-West's contentions, respondent had the option to either raise the SEQRA issue as an objection in point of law in its answer or commence a separate CPLR article 78 proceeding to challenge Watervliet's failure to comply with SEQRA (*see* CPLR 404 [a]; *Matter of Village of Saugerties v Town of Saugerties,* 201 AD2d 52, 54 [1994]). Since respondent served its answer within four months of Watervliet's adoption of its resolution approving annexation, the objection was timely interposed (*see Matter of Village of Saugerties v Town of Saugerties, supra* at 54).

Not only is respondent's challenge under SEQRA timely, it is determinative and requires dismissal of this petition. Although this Court previously held that adoption of a resolution approving annexation was not an "action" as defined by SEQRA (*see Matter of Connell v Town Bd. of Town of Wilmington,* 113 AD2d 359, 361-362 [1985], *affd* 67 NY2d 896 [1986]), the Department of Environmental Conservation (hereinafter DEC) subsequently amended its regulations to include annexation of 100 or more contiguous acres as a type I action under SEQRA (*see* 6 NYCRR 617.4 [b] [4]). By doing so, DEC implicitly classified annexations of less than 100 acres as unlisted actions (*see Cross Westchester Dev. Corp. v Town Bd. of Town of Greenburgh,* 141 AD2d 796, 797 [1988]; SEQR Handbook, at 105 [1992 ed]; *see also* 6 NYCRR 617.2 [ak]).

DEC is entitled to deference in its interpretation of environmental conservation statutes, unless its interpretation is unreasonable or irrational (*see Matter of Astoria Generating Co. v General Counsel of N.Y. State Dept. of Envtl. Conservation,* 299 AD2d 706, 707 [2002]; *Matter of Occidental Chem. Corp. v New York State Dept. of Envtl. Conservation,* 114 AD2d 233, 238 [1986]; *see also Matter of Rodriguez v Perales,* 86 NY2d 361, 367 [1995]). Interpreting SEQRA "actions" to include annexation is not unreasonable or irrational, but instead "is consistent with SEQRA's goal to incorporate environmental considerations into the decisionmaking process at the earliest opportunity" (*Matter of Neville v Koch,* 79 NY2d 416, 426 [1992]; *see Matter of Taxpayers Opposed to Floodmart v City of Hornell Indus. Dev. Agency,* 212 AD2d 958, 959 [1995], *lv denied* 85 NY2d 812 [1995]). To hold otherwise would in effect allow rezoning of a parcel without any environmental review (*see* 12 NY Jur 2d, Buildings, Zoning, and Land Controls § 105, at 183-184 [indicating that annexed parcel would no longer be zoned under former municipality's regulations, would be received by annexing municipality as unzoned property, and a nonconforming use could be established prior to amendment of the annexing municipality's zoning ordinance]; *see also Matter of Neville v Koch, supra* at 426 ["rezoning is an 'action' subject to SEQRA"]; 6 NYCRR 617.4 [b] [1], [2], [3]). While an environmental impact statement is generally "not required until a specific project plan [has been] formulated and proposed" (*Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738, 739 [1984]; *see Cross Westchester Dev. Corp. v Town Bd. of Town of Greenburgh, supra* at 797), an appropriate form of SEQRA review of an annexation "action" is required (*see Matter of Neville v Koch, supra* at 426; SEQR Handbook, at 105 [1992 ed]). Because there was no SEQRA compliance prior to the General Municipal Law § 705 joint hearing, the petition must be dismissed (*see Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 369 [1986]; *Golden v Metropolitan Transp. Auth.,* 126 AD2d 128, 132 [1987]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that respondent's motion is granted, without costs, and petition dismissed.