Proceeding pursuant to General Municipal Law § 712 to determine whether the proposed annexation by the Town of Monroe of certain real property located in the Town of Wood-bury and the Village by Woodbury is in the overall public interest. Separate motions by the respondents to dismiss the proceeding.
Ordered that the separate motions are granted; and it is further,
Adjudged that the proceeding is dismissed, without costs or disbursements, and without prejudice to the filing of a new petition for the same proposed annexation in accordance herewith.
*1087 Zigmond Brach and the Village of Kiryas Joel (hereinafter Kiryas Joel) are owners of certain real property located in the Town and Village of Woodbury. In 2012, Brach and Kiryas Joel submitted a petition to the Board of Trustees of the Village of Woodbury (hereinafter the Village of Woodbury), the Town Board of the Town of Woodbury (hereinafter the Town of Wood-bury), and the Town Board of the Town of Monroe, seeking to annex their property from the Town and Village of Woodbury into the Town of Monroe. After a public hearing, the Town of Woodbury issued a determination denying the petition for annexation, determining that the petition failed to comply with the requirements of article 17 of the General Municipal Law, that annexation would violate General Municipal Law § 716 (1) because it would affect state senate and assembly districts, and that the proposed annexation was not in the overall public interest. Shortly thereafter, the Village of Woodbury issued a determination denying the petition for annexation on nearly identical grounds.
In response to these determinations, the Town of Monroe, which had found the proposed annexation to be in the overall public interest, commenced the instant proceeding in this Court pursuant to General Municipal Law § 712 for adjudication and determination of the issue of whether the proposed annexation is in the overall public interest. In a decision and order on motion dated January 25, 2013, this Court granted separate motions by Brach and Kiryas Joel to intervene as party petitioners in the General Municipal Law § 712 proceeding. The Town of Woodbury and the Village of Woodbury now separately move to dismiss this proceeding. We grant the motions to dismiss, without prejudice to the filing of a new petition for the same proposed annexation.
As the Town of Woodbury and the Village of Woodbury correctly point out, their separate determinations denied the annexation petition based on, among other things, the failure to comply with certain requirements of article 17 of the General Municipal Law. As the matters cited by the municipalities in this regard came within the purview of paragraphs (a), (b), (c) or (d) of General Municipal Law § 705 (1), the determinations concerning those matters were subject to judicial review in a proceeding pursuant to CPLR article 78 (see General Municipal Law § 711 [3]). By contrast, a proceeding pursuant to General Municipal Law § 712 (1) is a special proceeding in which the Appellate Division has the responsibility of adjudicating and determining the issue of whether the proposed annexation is in the overall public interest (see General Municipal Law § 712 [1]; *1088 Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford, 45 NYM 335, 341 [1978]; Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon, 27 NY2d 369, 373 [1971]; Matter of Town of Johnstown v City of Gloversville, 36 AD2d 143, 144 [1971]).
Here, the only proceeding that was commenced was the instant proceeding pursuant to General Municipal Law § 712. While General Municipal Law § 712 (3) provides that the Appellate Division “may stay or transfer and consolidate with the proceeding brought pursuant to subdivision one of this section any other proceeding brought against one of the parties pursuant to the provisions of article seventy-eight of the [CPLR] concerning a matter described in paragraphs a, b, c or d of subdivision one of section seven hundred five of this article and pending in any court,” here, since there is no CPLR article 78 proceeding pending, there is nothing for this Court to transfer and consolidate. As such, our determination would be limited to the issue of whether the proposed annexation is in the overall public interest (see Matter of City Council of City of Saratoga Springs v Town Bd. of Town of Greenfield, 29 AD2d 167, 169 [1968]).
Under these circumstances, the failure to institute the article 78 proceeding is fatal (see id.). “The intent of the Municipal Annexation Article is to have decided all jurisdictional and other threshold issues either by [a] Special Term [of the Supreme Court] or by this court so that the issue to be decided by the ‘referees’ will be limited to the issue of ‘over-all public interest’ subject to final review by this court of that issue and ‘any question of compliance with the procedural provisions of this article where such questions are before if ” (id. at 169 [emphasis added], quoting General Municipal Law § 712 [9], [10]; see Matter of Village of Saugerties v Town of Saugerties, 201 AD2d 52 [1994]).
As there are questions of compliance with the requirements of paragraphs (a), (b), (c) or (d) of General Municipal Law § 705 (1), which were decided and are not before this Court, we grant the separate motions to dismiss this proceeding, and we dismiss the proceeding without prejudice to the filing of a new petition with the subject municipalities for the same proposed annexation. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.